IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| YVONNE B. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:05CV1149 |
| | ) | |
| CENTER FOR CREATIVE LEADERSHIP, | ) ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOHAN NAUDÉ, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

TILLEY, Chief Judge

This case arises from a dispute between Yvonne B. Allen ("Ms. Allen") and her former employer Center for Creative Leadership ("CCL") and former supervisor Johan Naudé. It is currently before the Court on Defendants' Partial Motion to Dismiss [Doc. #6]. For the reasons set forth below, Defendants' Partial Motion to Dismiss will be GRANTED.

I.

The facts in the light most favorable to the Plaintiff are as follows:[1] Plaintiff is an African American female. She alleges that she served, for ten years, as a

---

[1] In her response to Defendants' Motion to Dismiss, Ms. Allen adopts the statement of facts presented by the Defendants. Those facts are restated here with only citations omitted.

"feedback coach" for CCL. She claims that Mr. Naudé, in unspecified ways, demeaned her in the presence of others, based on what she describes as his personal bias against black people of African descent, especially black females.

The specific allegations giving rise to the claims of intentional infliction of emotional distress and negligent retention are that on or about April 25, 2005, Plaintiff went to CCL to pick up folders containing materials for the following week's work and she encountered Mr. Naudé, a white male. She claims that after she took the folders, Mr. Naudé rushed to her and snatched them away with a hard jerk, shouting angrily, "you do not need these folders because I am putting you on probation." She further contends that around the time of this encounter, Mr. Naudé "alluded" that CCL was phasing out its African-American program, and also that African Americans are not qualified to serve as feedback coaches for CCL's white clients.

Ms. Allen further alleges that two weeks later, on or about May 10, 2005, Mr. Naudé informed her that she was no longer needed at CCL because "he did not think she was a good fit." Mr. Naudé allegedly told her that the positive ratings she claimed to have received from CCL clients were "of no value to him" and "they don't know what they get." She further contends that Mr. Naudé told her that "the issues is with you and it is in my discretion."

Plaintiff concludes her recitation of the facts giving rise to her claim by stating that when she asked if there were reasons for her "termination" other than

2

performance and evaluations that Mr. Naudé replied, with a "smirk on his face," that "you know why."

On December 27, 2005, Ms. Allen filed a Complaint in the Middle District of North Carolina alleging race discrimination in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 2000d ("Title VI"), age discrimination in violation of 29 U.S.C. § 621, and state law claims of breach of contract and negligent hiring and retention. Additionally, Ms. Allen made only one claim against Mr. Naudé, alleging intentional infliction of emotional distress under state law.

On March 23, 2006, Defendants moved for dismissal of the state law claims of intentional infliction of emotional distress and negligent retention as well as Ms. Allen's Title VI claim. Ms. Allen filed a response to Defendants' motion on April 17, 2006 [Doc. #8] opposing only Defendants' motion to dismiss her Title VI claim. Defendants' filed their Reply on May 1, 2006 [Doc. #10]. Also on May 1, 2006, the parties jointly filed a Stipulation of Dismissal pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure dismissing Ms. Allen's claim for intentional infliction of emotional distress against Defendant Naudé as well as her claim for negligent retention against Defendant CCL [Doc. #9]. Thus, only Defendants' motion for dismissal of Ms. Allen's Title VI claim remains before this Court.

II.

Defendants move for dismissal pursuant to Federal Rule of Civil Procedure

3

12(b)(6) for failure to state a claim for which relief can be granted. A complaint can be dismissed for failure to state a claim under Rule 12(b)(6) only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957); Old South Home Co. v. Keystone Realty Group, Inc., 233 F. Supp. 2d 734, 735 (M.D.N.C. 2002). When evaluating the sufficiency of a complaint, the "well-pleaded allegations" in the complaint must be accepted as true, and inferences from those facts must be made in the plaintiff's favor. Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

III.

Defendants move for dismissal of Plaintiff's Title VI claim contending that the Title VI statute has no application to Plaintiff's employment with CCL. Specifically, Defendants claim that Title VI prohibits state or local government agencies receiving federal grants from discriminating in the manner in which those funds are administered, see 42 U.S.C. § 2000d, and not employment based claims as alleged by Ms. Allen in this case.[2]

---

[2] Title VI does not generally create a claim for employment related discrimination because Title VII already exists to serve that function. However, Ms. Allen presumably does not make a claim under Title VII because she would not have been an employee of CCL under the provisions of Title VII. See Farlow v. Wachovia Bank of N.C., 259 F.3d 309, 313 (4th Cir. 2001) (discussing that Title VII only applies to employees and is not applicable if plaintiff was merely an independent contractor).

4

Section 604 of Title VI states the following in relation to such employment based claims:

> Nothing contained in this subchapter shall be construed to authorize action under this subchapter by any department or agency with respect to any employment action of any employer, employment agency or labor organization except where a primary objective of the Federal financial assistance is to provide employment.

42 U.S.C. § 2000d-3. Courts reviewing the sufficiency of employment related claims under Title VI have required that providing employment be a primary objective of the federal aid. See Trageser v. Libbie Rehab. Ctr., Inc., 590 F.2d 87, 89 (4th Cir. 1978), overruled on other grounds by Consolidated Rail Corp. v. Darrone, 465 U.S. 624, 628-31, 104 S. Ct. 1248 (1984). Thus, to state a claim under Title VI, Plaintiff is required to allege that Defendant receives federal funds for the "primary objective" of providing employment. See Ingram v. Morgan State Univ., 1996 WL 13861, at *1 (4th Cir. Jan. 16, 1996) (upholding dismissal of plaintiff's Title VI claim when plaintiff did not allege that the Defendants receive federal financial assistance for the primary purpose of providing employment) (citing Soberal-Perez v. Heckler, 717 F.2d 36, 38 (2d Cir. 1983)); Luallen v. Guilford Health Care Ctr., 2003 WL 23094916, at *11 (M.D.N.C. Dec. 18, 2003) ("When a plaintiff fails to show any evidence that a defendant receives federal funds for employment purposes, a Title VI claim cannot be sustained."); Grimes v. Superior Home Health Care, 929 F. Supp. 1088, 1094 (M.D. Tenn. 1996) (dismissing Title VI claim because "there is no allegation in this case that the

5

'primary objective' of the . . . funds received by [Defendant] is 'to provide employment'").

Here, Ms. Allen only makes the following allegation regarding CCL's receipt of federal funds: "Defendant Center for Creative Leadership has a contract with the United States Military." (Compl. ¶ 8.) Alleging contracts with the federal government, however, falls short of the required allegation of "financial assistance" necessary to state a claim under Title VI. See <u>Venkatraman v. REI Systems, Inc.</u>, 417 F.3d 418, 421 (4th Cir. 2005) ("Title VI coverage turns on the receipt of 'federal financial assistance', not the existence of a contractual relationship."); <u>Jarno v. Lewis</u>, 256 F. Supp. 2d 499, 504 (E.D. Va. 2003) (finding that contracts with the federal government are not "federal financial assistance" and such allegations are thus insufficient to state a claim under Title VI) (collecting cases). Additionally, Ms. Allen makes no allegation that CCL's contract with the "United States Military" had the primary objective of providing employment. Thus, even if all allegations in the Complaint are taken as true, Ms. Allen's has failed to state a state a claim under Title VI for which relief may be granted.

For the forgoing reasons, Defendants' Motion to Dismiss Plaintiff's claim under Title VI, 42 U.S.C. § 2000d, will be GRANTED.

This the day of June 22, 2006

          /s/ N. Carlton Tilley, Jr.
United States District Judge